## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CLAYTON CANGELOSI**  CIVIL ACTION

**VERSUS**  No. 24-1410

**ALVIN BRAG, ET AL**  SECTION I

### ORDER AND REASONS

*Pro se* plaintiff Clayton Cangelosi ("Cangelosi") filed this action against federal, state and local officials. Plaintiff's motion[1] to proceed in forma pauperis ("IFP") was granted.[2] Since the Court now finds that Cangelosi's amended complaint[3] is frivolous because he lacks standing, the Court dismisses the amended complaint with prejudice.

### I. BACKGROUND

The amended complaint alleges that defendants—President Jospeh R. Biden, Jr.; the United States Department of Justice; Merrick Garland, the Attorney General of the United States; Judge Juan Merchan, who presides over the criminal trial in New York state court of President-Elect Donald Trump; and Alvin Bragg, the Manhattan District Attorney who prosecuted President-Elect Trump in the aforementioned case—violated several federal election laws as well as the constitutional rights of himself and of the American people. Specifically, Cangelosi asserts that the defendants interfered with the November 2024 presidential election

---

[1] R. Doc. No. 2.
[2] R. Doc. No. 3.
[3] R. Doc. No. 8.

in violation of federal law through their involvement in the criminal prosecution of then-former President Trump in New York state court.[4] In addition, Cangelosi alleges that defendants violated several other constitutional provisions relating to the administration of presidential elections, such as the Elections Clause,[5] the clause[6] granting Congress power over the casting of electoral votes, and the Twelfth Amendment.[7] Cangelosi concludes that "[w]ith the [a]bove defendants getting involved they were denying the right of the Plaintiff and trying to persuade the plaintiff and the American People not to vote for Donald Trump because he is now a convicted felon."[8]

Cangelosi seeks injunctive relief for defendants' violations of federal election laws and the Constitution. He prays for the removal from office of Alvin Bragg, Juan Merchan, President Biden, and Attorney General Merrick Garland.[9] In addition, he seeks criminal charges[10] to be brought against the aforementioned defendants for violations of 18 U.S.C. §§ 241, 245, and 594, as well as for violations of the First, Twelfth and Fourteenth Amendments.[11]

---

[4] *Id.* at 9–10.
[5] U.S. Const. art. I, § 4, cl. 1.
[6] U.S. Const. art. II, § 1, cl. 4.
[7] R. Doc. No. 8, at 2–3, 11.
[8] *Id.* at 12.
[9] *Id.* at 13.
[10] Regardless, this Court lacks any authority to institute criminal charges against the defendants.
[11] *Id.*

## II. STANDARD OF LAW

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, this statute also authorizes federal courts to dismiss an IFP proceeding if it determines that the action is "frivolous or malicious." § 1915(e)(2)(B)(i).[12] "Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324; *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("The district court may dismiss an in forma pauperis proceeding 'before service of process or before the filing of the answer' as long as certain safeguards are met." (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990)).

An IFP complaint is frivolous when the plaintiff does not have standing to pursue the claims therein. *See, e.g.*, *Adimora-Nweke v. McGraw*, No. 23-50744, 2024 WL 2874561, at *3 (5th Cir. June 7, 2024) (affirming the district court's dismissal of an IFP complaint pursuant to § 1915(e)(2)(B)(i) where the plaintiff's standing arguments lacked any "basis in law and fact" and were therefore "frivolous"). In order to establish standing to sue in federal court, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be

---

[12] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." § 1915(e)(2)(B)(i).

redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Although a violation of a constitutional right may well satisfy the injury requirement, such an injury "is insufficient to establish standing, however, if it is a generalized grievance common to all members of the public or if the injury is merely abstract." *Cramer v. Skinner*, 931 F.2d 1020, 1026 (5th Cir. 1991).

### III. ANALYSIS

Upon review of the amended complaint, the Court finds that Cangelosi's alleged injury is insufficient to establish standing because his injury is a generalized grievance. Cangelosi repeatedly defines his injury and the violation of his constitutional rights as applying to the American electorate and citizens *en masse*. For example, he states that "[t]he plaintiff and the American people should be able to choose the President of United States without any government interference."[13] He later states that "[b]y Charging Trump and Keeping him tied in Court, President Trump could not be on the Campaign Trail which Kept Me and other potential voters from getting to hear my voice to decide without influence from the media and government entities."[14] He also alleges that the defendants have used the "Justic[e] system against their political opponents and citizens of the United States."[15] Finally, under the heading "Facts in the Case," the amended complaint states that the defendants were "denying the right of the Plaintiff and trying to persuade the

---

[13] *Id.* at 9.
[14] *Id.* at 10.
[15] *Id.* at 11.

plaintiff and the American People not to vote for Donald Trump."[16] On the whole, the amended complaint describes Cangelosi's injury as a collective one that affects him not particularly but as a member of the American electorate.

The insufficiency of Cangelosi's injury to confer standing is supported by the reasoning in the Fifth Circuit's recent opinion in *Lutostanski v. Brown*, 88 F.4th 582 (5th Cir. 2023). There, a group of voters sued Texas officials regarding the administration of the November 2020 general election in Travis County. *Id.* at 585. It specifically alleged that the officials violated several federal and state election laws. *Id.* The district court dismissed the case for lack of standing, and the Fifth Circuit affirmed that holding. *Id.* The Fifth Circuit held that the alleged improprieties in the administration of the election in Travis County did not give the plaintiffs standing because "plaintiffs' theory would apply equally to all voters in Travis County." *Id.* at 586. In other words, regardless of whether the defendants' alleged actions actually affected the election, the alleged systemic harm to the election's administration did not constitute a sufficiently particularized injury to the individual voters because the systemic harm affected all voters equally.

Just as in *Lutostanski*, Cangelosi's amended complaint alleges the violation of election laws.[17] The general accusation repeated against each defendant is simply that the defendant "tried to interfere with the election."[18] At bottom, the gravamen of Cangelosi's amended complaint is a systemic harm to the administration of the

---

[16] *Id.* at 12.
[17] *Id.* at 11–12.
[18] *Id.* at 11.

election resulting from the alleged disregard of federal statutory and constitutional law. That harm does not confer upon Cangelosi a sufficient injury for standing. Simply put, Cangelosi's lawsuit to vindicate federal election law for the benefit equally of himself and of the American people does not state a case or controversy within the meaning of Article III. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573–74 (1992) ("We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.")

It is of no moment for present purposes that, unlike in *Lutostanski*, Cangelosi alleges that the defendants acted for political ends—namely, the defeat of then-former President Trump in the November 2024 election. When read as a whole, Cangelosi's complaint is not claiming an injury of viewpoint-discrimination. The basis of his lawsuit is the violation of federal law, and its purpose is to enforce federal law. His alleged injury derives from the alleged systemic harm to the election—which applies equally to all voters, *see Lutostanski*, 88 F.4th at 586—rather than from discrimination against a particular group differentiated from the general electorate. *Cf. Sierra Club v. Glickman*, 156 F.3d 606, 613 (5th Cir. 1998) ("[T]he plaintiff must show an injury that is both concrete and particular, as opposed to an undifferentiated interest in the proper application of the law."). In other words, Cangelosi's injury does

6

not turn on his support for President Trump, and his injury is no more than a generalized grievance insufficient to establish standing.

Since Cangelosi does not have standing to bring his claims, his complaint lacks a basis in law and it is therefore frivolous. *See McGraw*, 2024 WL 2874561, at *3. Consequently, the Court must dismiss the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, November 19, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**